UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE SCOTT DEBERRY JR.,

     Plaintiff,

                                                Case No. 25-cv-13356
v.                                          Hon. Matthew F. Leitman

PERFORMANCE DRIVEN WORKFORCE,

     Defendant.

_____/

## <u>ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM</u>

Plaintiff Dwayne Scott DeBerry Jr., a resident of Detroit, Michigan, filed a *pro se* action in this Court against Defendant Performance Driven Workforce, a company with a business address in Dearborn, Michigan ("Performance"). (*See* Compl., ECF No. 1, PageID.2.)  DeBerry used a form Complaint to file his claims. (*See id.*)  On that form, DeBerry alleged that he was wrongfully terminated as an employee of Performance. (*See id.*, PageID.5, 9, 10.)  He described an incident in which he was assigned to drive a truck that had a number of issues, including "a faulty fuel gauge" and the "emergency brake system not working."  (*See id.*, PageID.9.)  He alleged that Performance terminated his employment shortly after he reported these issues, and he said that he "did not receive any reason" for the termination. (*See id.*)

On his form Complaint, DeBerry checked the boxes to indicate that he is alleging that Performance terminated his employment, retaliated against him, and imposed unequal terms and conditions of his employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 and "other federal law" (not specified). (*See id.*, PageID.4-5.)   Specifically, he checked the boxes alleging that Performance discriminated against him based on his race, color, gender/sex, and age. (*See id.*, PageID.5.)   He requests damages in excess of $3,000,000 for emotional distress, loss of wages, and "defamation of character," as well as punitive damages.  (*Id.*, PageID.7.)

DeBerry also filed an application to proceed *in forma pauperis* ("IFP Application"). (*See* IFP Application, ECF No. 2.)   In connection with the IFP Application, the Court was required to screen DeBerry's Complaint and dismiss it prior to service on the Defendant if it (i) asserts frivolous or malicious claims, (ii) fails to state a claim upon which relief may be granted, and/or (iii) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); *see also McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). The Court conducted the required screening and issued a Show Cause Order on October 27, 2025, stating the following:

> Here, it does not appear from the face of the Complaint that DeBerry has stated any viable claims for relief against the Defendant.  The Complaint describes the alleged   circumstances   of   DeBerry's   employment

termination, but none of DeBerry's allegations suggest that he was the victim of unlawful discrimination based upon his membership in a protected class or retaliation based upon protected conduct.

Because there are significant questions concerning the viability of DeBerry's claims, before the Court rules on DeBerry's IFP Application, the Court will require DeBerry to either (1) **SHOW CAUSE**, in writing, why the Court should not dismiss his Complaint for failure to state a claim upon which relief can be granted; or (2) **FILE AN AMENDED COMPLAINT** with the Court alleging sufficient facts in support of each of his claims.

In any Amended Complaint, DeBerry must make specific factual allegations that, if proven, would show that he was the victim of discrimination based upon his membership in a protected class and the victim of retaliation based upon protected conduct.

DeBerry shall file his written response to this Order or his Amended Complaint by not later than **November 17, 2025**.  If DeBerry fails to respond to this Order, the Court will dismiss his Complaint without prejudice.

(Show Cause Order, ECF No. 8, PageID.23-24.)

DeBerry filed a response on November 14, 2025. (*See* Resp., ECF No. 9.)  His response does not address the concerns the Court identified in its Show Cause Order. The Court directed DeBerry to explain how he was "the victim of unlawful discrimination based upon his membership in a protected class or retaliation based upon protected conduct." (Show Cause Order, ECF No. 8, PageID.23-24.)  In the one-page written portion of his response, DeBerry instead discusses how he has had trouble obtaining new employment because he has not been able to give them an explanation for his previous termination. (*See* Resp., ECF No. 9, PageID.26.)  He

3

also says that he is "not able to determine whether discrimination was a factor" and that "accusing someone of racism would be against my beliefs of humanity, so I leave that up to someone else to determine." (*Id.*)

The only discernable claim in DeBerry's Complaint is a violation of the discrimination prohibitions in Title VII of the Civil Rights Act of 1964 (*see* Compl., ECF No. 1, PageID.4-5), but DeBerry still has not alleged or identified any specific facts showing or even suggesting he was unlawfully discriminated against and/or retaliated against.  Because his response does not cure this deficiency, the Court must **DISMISS** this action.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  March 4, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 4, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager

4